Case No. 16-1320NL Capital Medical Center Petitioner v. National Labor Relations Board Mr. Roberts for the petitioner, Ms. Gisbel for the respondent, and Ms. Ginsberg for the intervener Good morning. Let's hold off one second. Okay, I think we can get started. Thank you. Thank you, Your Honor. May it please the Court. Capital Medical Center is an acute care hospital located in Olympia, Washington. The union represented a unit of approximately 200 service and technical employees. This dispute centers around some picketing that occurred on May 20th of 2013. The union representatives and employees were freely permitted to picket on broad public sidewalks surrounding the three entrances to the hospital. We also permitted employees freely to distribute handbills and leaflets outside the front entrances to the hospital. The sole source of dispute, or the sole point of dispute, is whether we were required to allow them to bring picket signs and actually engage in picketing in front of the entrances. That was what we sought to restrict. Can I just ask you a factual question? Sure. As you described it, the question is whether there's picketing allowed near the entrances. What makes it picketing other than holding signs that are picket signs? Well, there were multiple employees for one thing, and they were holding picket signs. They were milling about. There was not, we will concede there was not the traditional patrolling, you know, with marching back and forth across that you may associate with picketing. But I think it's important to recognize that everyone treated it as picketing in this case. The board treated it as picketing. I understand that, and I don't mean to necessarily suggest it cuts in one direction or the other. I'm just wondering about the calling it picketing, because it seems to me that your argument is based on there being some kind of And I guess in order to understand whether there could be such a meaningful distinction between those, one would have to understand what picketing even means. And if picketing in this case just consists of holding signs, then I guess it's not entirely clear to me what's different between picketing and leafletting, where you're leafletting with a big sign. Well, I would respond in two ways, Your Honor. One is that the mere, when you use a picket sign, the sign itself, which is two feet by three feet and it's like a yardstick kind of wooden stick, that's perceived, I would contend, that's perceived as a picket line, at least if there's more than one employee, and some degree of movement. And it evokes responses. In fact, while there's not extensive evidence, there was at least one patron who commented that he didn't normally cross picket lines, but in this case he felt compelled to do so because he was visiting a patient. But the other point I would make is that the Board's decision has ramifications. If the Board wanted to distinguish this case and say this was only hand-billing, it could have done so. We might be arguing something entirely different then, but the Board did not do that, and this decision has ramifications even apart from whether this particular instance would constitute picketing. If this were an 8G case and the union were arguing, well, that wasn't picketing, they didn't give the notice and they were arguing this was not picketing, then it would be an entirely different issue. But I thought it leads us to that rationalization, and I appreciate both of your points. As to the second one, part of the Board's explanation was that you can't have a blanket distinction between picketing on one hand and leafleting on the other, precisely because picketing, even if you call it that, can take many forms, some of which is disruptive and can affect adversely patient care, and some of which might not. And so you have to look at the facts of the particular conduct that's described as picketing. I understand what you're saying, Your Honor, but the point is in all these generic situations, solicitation and hand-billing are exactly the same. They're not all equivalent. I mean, if you have 10 people hand-billing in front of the entrances, it presents a different issue than if one person's hand-billing. But the point is that the Supreme Court, at least under our view of it, Republic Aviation, Babcock, and Wilcox, and Hudgins in particular, which we think is a particularly important decision because picketing in Hudgins was entirely peaceful. There was no evidence in that case that anyone was restricted from going into the Butler shoe store that was involved, and the Supreme Court never suggested that Republic Aviation was the standard. What we're saying, Your Honor, is that the Board is required to not just— But Hudgins involved employees on their own premises. Well, it was off-site employees, but this Court's ITT decisions and other decisions recognize that off-site employees are not—they have non-derivative Section 7 rights that are not materially different. Now, there's a slightly different access issue or reasons for off-site employees, but in that case, when it was remanded—in fact, the Board— I think the history of that case is important because in that case, the Board shifted positions repeatedly. It started out under a First Amendment analysis, which was remanded by the Fifth Circuit because of certain intervening Supreme Court decisions. They then applied—the judge, the AOJ, applied a Babcock analysis. The Board, on appeal to the Fifth Circuit, shifted positions and claimed that Republic Aviation was the standard. When it got to the Supreme Court, they reverted back and said no. It went back to a constitutional analysis, and the Fifth Circuit— or, excuse me, the Supreme Court, in essence, if you read that decision, I believe, clearly said that the spectra—clearly took the position that Republic Aviation didn't apply, that it was a Babcock analysis. And when the Board went back, in what all of the cases have done, there's a litany of cases in which the Board and the courts have recognized that picketing on private property is permissible only when it cannot safely and effectively be done on surrounding public property. In Hudgins, it was an interior mall. The closest public area was 500 yards away. Here we're talking about a self-contained— But in that case—I'm looking at it again. I hadn't really regarded it as that important. They were not picketing on their employer's property. They were— Well, they were picketing on— The board's property. They were Butler Shoe Warehouse employees were picketing in front of Butler Shoe retail stores. So it was their employer, not that location. It was private property, right? It was the mall's property. Well, it was the mall's property. And the mall was not Butler? No, the mall. But they were picketing in front of—they were picketing—you're correct, Your Honor. It was not their employer's property. It was at least property. It was immediately in front of the store. It says the property interests— Yeah. were not those of the employer against whom the Section 7 activity was directive, but of another. Yeah, Hudgens was the landlord, Your Honor. And Hudgens was the owner of the mall. And Hudgens was the one who evicted or whatever. So Hudgens was the respondent in the case. Butler leased the premises or leased the store and used it. So you're correct that it was not their immediate employer's. It was private property. But there are cases, even if Hudgens is not the leading case or the important case, there are multiple cases in which the board— Well, the ones you cite are strikes, correct? Some are strikes. Not all are strikes. Providence— Or they involve non-employees. Or, well, your Babcock case is non-employees. Babcock just supplies the analysis. It doesn't—it's a non-employee case. Yeah, but it's non-employees. But— —that the Supreme Court has recognized these distinctions. And so that's why the board comes back and says, basically, you want the board to apply non-employee cases in a situation— No, Your Honor, we don't want them to apply non-employee. But I don't think the Supreme Court has ever held that picketing is the equivalent of solicitation and distribution. What we're saying is that the board has not adequately analyzed this issue. It has not explained why picketing should be treated the same as mere leafleting and distribution. And there are cases we cited where there was—where they were the employer and where it was employees. The Providence Hospital, the Butterfield case, both of those, 40-41 Realty Company, there are multiple cases in which it was employees picketing on property owned by their employer. So the Supreme Court says that the interest that's at stake here is not the real property interest but your management, managerial. Well, that's what it says in East Tech, all right? So that's still good Supreme Court authority. And it says the board ought to deal with these cases on a case-by-case basis. And I take your point about just because this was peaceful and didn't involve a lot of people stomping up and down doesn't provide your client with sufficient guidance, protection, et cetera. And the board responds by saying that your client will be entitled to the protections that the board has recognized in these picketing cases that are like the picketing in the strike context. Or, as you say, where there's a lot of noise, a lot of parading, a lot of disruption. But there's a burden on your client to come forth with evidence of that. Well, I would respond this way, Your Honor. One is that the burden that they impose is to show a likelihood of disruption of patient care, that we would say that that assumes that Republic Aviation is the standard. I mean, Republic Aviation sets forth guidelines. For example, you can prohibit distribution of literature in work areas by on-duty employees even if there's no demonstration of any interference with work or interference with operations. In other words, there are parameters set up. There are presumptions. And only at that point do you shift the burden to the hospital or the employer to produce evidence. So what's your best case? Well, I think Providence Hospital is the closest on point. Now, the board said, well, that relied on precedent that was overruled by Lechmere. But Lechmere only dealt with overruled Gene Country, which was the precedent upon which Providence Hospital actually there were two cases, Fairmont Hospital and Gene Country. But Providence Hospital dealt with picketing by employees on their hospital property in which the board applied this balancing analysis. Now, conceitedly, Lechmere overruled Gene Country, but specifically and limited only insofar as it applied to non-employees. Can I ask this? So I understand your argument. I understand their argument about precedents. Precedents are kind of mixed up here because of all the changes. Maybe you can distinguish it. Maybe you cannot, can't. Maybe they can. There's clearly no case that directly decides this except a case without significant discussion. Here's the first case that has significant discussion. So it seems to me this isn't really a case about precedents. It's a case about the court's obligation to defer to the agency's interpretation of the National Labor Relations Act when it's being reasonable. And so we're really at, in a way, a first principle here. What's unreasonable about the rule that they're adopting here? As long as it protects patient areas, including the hallways, as a result of the Supreme Court's opinion on our own. But it doesn't protect that. Under Republic Aviation. I don't want to pretend. I'm asking you to pretend there weren't any of these cases. They've established Republic Aviation as modified by the Supreme Court's hospital cases, right? That's what they say the rule is. And that's what I was trying to say. Republic Aviation as modified by Baptist Hospital and Beth Israel permit, under this interpretation of the act, employees during their break, on-duty employees during their break and lunch periods, would be permitted to picket in the cafeteria, in the vestibules, in the gift shop, in any non-immediate patient care areas. It doesn't recognize any of the employer's property rights. Property right includes the right to decide the purposes. You could say the same thing about Republic Aviation and about the Supreme Court's hospital cases. They allow solicitation in those areas, right? Correct. Okay, so it's not a question of not recognizing property rights. It's a question of balancing Section 7 rights against property rights, which is what the Supreme Court says is the obligation of the NLRB. It's not that they didn't recognize them. It's that they didn't balance them the way you want. Why is their balancing an unreasonable balance? Well, I don't think they actually sought to balance because there's no consideration of the property rights of the employer to decide what purposes it will use its property. These were off-duty employees. They weren't the on-duty employees that were involved in Republic Aviation. But what's unreasonable about it, I would say, is this, is that picketing, number one, carries with it consequences that are, like I said earlier, are somewhat implicit in the act of picketing. Without regard to whether we can show actual proof of harm, having picket signs and requiring patrons of a hospital, and some of these were outpatient entrances where patients were coming in for treatment, having them cross a picket line, which is what this would require, is that if there were a true picket line, if there were 10 people picketing the hospital, they still would presumptively be entitled to do that. But the board specifically says we can easily envision circumstances not present here where picketing on hospital property would disrupt operations or interfere with patient care while solicitation or distribution would not. In such cases, a restriction on picketing would be lawful. So it seems like if you had picketing that did have some of the consequences that you just spelled out, the board is allowing for the possibility that in that situation the picketing would be permitted. How are you to know that in advance, Your Honor? I mean, you know, the premise of Republic Aviation in those cases is it allows an employer to establish certain guidelines that are at least presumptively lawful. And in this case, how is the employer? The employer has to wait and see how many pickets come. It has to see whether there's actual disruption or not. I don't think that's an appropriate standard. But your view then would say no picketing whatsoever. No, no, no. We're saying that if... At the entrances. If the picketing would be permitted under what we believe is the historical precedent, if there was a showing that it could not safely and effectively be conducted in surrounding public property. I know. So that's what I'm trying to understand what your basis for that is when you do have a Supreme Court president that looks at this slightly differently. I agree with you. Not precisely this case. And the board here says we are not, as suggested by the dissent, invalidating all the restrictions on employee on-premises hospital picketing. And then it goes on to say that where the employer shows restrictions are necessary to maintain discipline and production. All right? And then they translated that sort of in the hospital context. Well, but Hudgins and Babcock speak of deciding in each generic situation and recognizing that different Section 7 rights have different strengths and different consequences. And what we think that the board has done in this case is simply a subsumed all Section 7 activity under Republic Aviation. It's not decided in this generic situation where picketing... There are multiple court cases that clearly say picketing is conduct. It's more than just communication. It does involve conduct. And what we're suggesting is that the board should at least be remanded to the board to at least acknowledge that there's somewhat tortured precedent here, but to both face this issue in picketing and set standards. It could still, if it comes back and then says we've decided based on this to lay out whatever analysis it may give, then we could logically or cogently argue why or why not that was appropriate. But all they do is conclude that it's applicable. On remand, why wouldn't the board just issue an order telling the court to read page 4 of its decision? I mean, what more would it say? Well, I think it would have to... Other than adopt your total bar position. Your Honor, I respectfully am not taking a total bar position. Well, you say it's okay at the front entrance, but not at the side entrances where patients are coming for care. My position is that at least under the historical precedent that it's permitted, if there's a showing that it cannot safely and effectively be conducted. And what is that historical precedent? Well, I think Providence Hospital, I think Hudgins suggests that. I think the Third Circuit's decision in Visaglia. I think all the strike cases in which picketing occurred. Paul Mueller Company, I think the cases in our... Yes, they're all different contexts, but some of them do involve employees picketing on their own employer's property. So, do you see a distinction between picketing and strikes? Well, I think that's a question I think the board should be forced to answer. Do strikers have less of a Section 7 right than picketers for informational purposes? I'm not sure what authority there is for saying that strikers... If strikers can't picket on the employer's property, which this Court's Beverly Health Care case and multiple board cases hold that picketers can't trespass on to picket, why do off-duty employees have a greater right than strikers? I think that's a legitimate question, but it's not been faced here. It's not been answered. And what we're suggesting is that the board didn't really weigh the property rights. It did not decide in this generic situation. It needs to set parameters for picketing so that hospitals and non-hospital employers can have guidance and unions can have guidance. And I would say that in the history of the Act, they've only cited one case, that Town and Country case, in which Republic Aviation was cited, and that was a hand-billing and picketing restriction case. And there's no analysis in that case of any of the cases that we've cited. So why wouldn't the board simply respond that under our decision in this case, we have provided parameters where it's peaceful, it's not noisy, it's not disrupting, and there's no evidence that patient care and patient entry is in any way adversely affected? Well, I would say that that doesn't weigh our property rights. It's not managerial rights we're talking about here. These are off-duty employees. Their only right to come on the premises under Republic Aviation is to hand-bill and solicit on outside areas. The right to control the use of property is important. The board doesn't acknowledge that. A hospital, for whatever reason it wants, at least if we forget Section 7 rights, if we say this case didn't involve Section 7 rights at all, it was some third party wanted to conduct some kind of event on the hospital property, we would have the right to decide, for any reason, that we didn't view that as consistent with our mission. And I would say that that's the property right. There's no weighing of that right. The only right we're given is a managerial right, the managerial right to somehow, if we can show actual harm, then we can regulate it. But that doesn't give any weight to the actual property right to decide what purposes we will allow employees to use the property for at the exterior. I just respectfully do not believe that the precedent that exists at this point is adequate to just cavalierly say, okay, you can prove actual disruption. That's not deciding in each generic situation where the appropriate accommodation lies, at least not without a lot more consideration of picketing and what it actually involves, the inherent. All right. Thank you, Your Honor. We'll hear from the NLRB. May it please the Court. The Board balanced the interests of the employees in this case who were engaged in a quiet, stationary, two-person picket with those of the employer. It's the Board's responsibility to weigh those competing interests, and its decision is a reasonable interpretation of the Act. So let me ask you, these are off-duty employees. Yes, Your Honor. Does the Board view them as having the right to be on the employer's property? Yes, Your Honor. The Board, under the Board's Tri-County Medical Center decision, when an employer wants to restrict the access of off-duty employees to the property, it can set certain rules, access rules, but those access rules are limited to the interior of the plant. You can't keep someone who's an off-duty, on-site employee off your premises unless there's a significant business justification there. So what about the problem that isn't highlighted here, but there's some second-hand evidence about somebody coming to the hospital to see a patient who says, normally I don't cross picket lines. We don't have any evidence of patients coming to the hospital saying, you know, I can't go in because there's a picket line. But what about that aspect? There is something different in the air between leafleting and picketing. Piggybacking on Judge Srinivasan's question, you could argue that in one sense picketing is less intrusive because I don't have to receive anything that you're giving me in the way of a leaflet. But on the other hand, it's a large sign, and so that in itself creates a barrier. Well, as you've noted, the Board's decision is restricted to the facts of this case, where there were just two employees there holding signs quietly. There was only the one person who said he doesn't normally cross picket lines, but there is no evidence. Remember, there was a picket line off-property. So I can't tell from reading the record if his comment was directed towards those two people standing at the door or the picket line he might have had to cross to come forward. But the hospital would need to show under Republic Aviation combined with Beth Israel and Baptist Hospital that there's a likelihood or potential for disruption to patient care or its managerial interest in operating the hospital. So if I own the property and two pickets are there, and then later in the afternoon there are 20 pickets, later in the evening there are 50 pickets, I have to call the local police, and the police have to come and decide whether or not there are too many pickets here? Well, we're assuming you're a hospital, right? Okay. Okay. The Board, this decision only applies to these specific facts. Do you understand what I'm getting at? I do. You're right, and I think that's what the petitioner is getting at in my view. Right. But the employees have the right under Republic Aviation and Babcock and Eastex to be on their employer's property. The employer's property interests are not impinged by having off-duty, on-site employees on that property. So without this Board's decision, there would still be the issue of who and how many employees could be on that property exercising their Section 7 rights. Can I ask this question? So you wouldn't disagree that the analysis would be different under Providence Hospital, or would you? Well, my read of Providence Hospital is, first of all, there's the issue with Fairmont and Gene Country being overruled. Put that aside. So assume that nothing happened after Providence Hospital and Providence Hospitalism is the latest and best word from the Board on how to analyze the situation. As I read the facts of that case, there were both employees and non-employees picketing. So under the Board's decision here, that would be a different case. Once you have non-employees joining the picket line, those non-employees are trespassers. They do not have Republic Aviation rights to the property. I understand that with respect to non-employees. I'm talking about the employees in Providence Hospital. I thought that the Board accepted that the analysis with respect to employees under Providence Hospital would have been different, but the Board's point was that Providence Hospital is no longer the governing framework. Or maybe I misunderstood. No, Providence Hospital is not the governing framework. And as the Board pointed out in New York, New York, which is court-enforced, it does not apply the reasonable alternative means test, that was the whole point of Providence Hospital and Gene Country, to employees acting on their own employer's property. The reasonable alternative means test. No, I thought Providence Hospital was employees on their own property. The pickets included non-employees. They included non-employees, but with respect to the employees, I thought Providence Hospital would have resulted in a different framework. I didn't realize that the Board's view was that Providence Hospital only applies to employees when they're combined with non-employees. At this point, the Board is not relying on Providence Hospital at all. But that's what I'm trying to get to. Post-Fairmont and Gene Country and Lechmere, no Providence Hospital. I guess what I'm trying to get to is this. If I thought that Providence Hospital contemplated a different legal framework with respect to employees, often the employees that are on the employer's premises, let's just ignore for a moment the fact that Providence Hospital involved non-employees. It did involve employees. And if I thought that Providence Hospital had a different framework for employees, I guess my question would be, what do we do with Providence Hospital? Now, there's nothing wrong with an agency deciding that a rule it used to have just is no longer the way we look at things. And so the agency would presumably explain, you know, we had this framework before with respect to employees. We've rethought it. Here's a different way of looking at it. That's what the agency would normally do when it was reconsidering an approach that existed before with respect to employees. What the board did in this decision is to say, well, Providence Hospital, that whole framework was just tossed aside because of Lechmere and other cases that came along and said that Providence Hospital is no longer the governing framework. That's true with respect to non-employees. So then the question becomes, what do you do with Providence Hospital with respect to employees? Is it enough just to say, Providence Hospital is no longer good, see Lechmere, even though Lechmere involved non-employees? I would say also see New York, New York, where the board fully explained why it does not apply a reasonable alternative means test to employees acting on their own employer's property. They are not trespassers. They have the right to be on that property. And so I think once you take into account New York, New York, which is the solicitation and distribution case, then the board has shown Providence Hospital is not going to be applied. Right. It didn't involve picketing. No. New York didn't. No. Right. So, I mean, I think, so you would say that New York, New York, it's like town and country, that whatever applies to hand-billing, to leafletting, just by nature applies to picketing too. Well, applies to the picketing at issue in this case. Of course, if we had different facts, the board could have come out differently. If there were 20 people at that door. Could have come out differently as a matter of the rebuttal to the presumption or could have come out differently with respect to the existence of the presumption in the first place? In application of the balancing test, Your Honor. Well, balancing test begins with a presumption. Yes, Your Honor. So, as I understand, I'm not saying this is correct. One way to read this opinion is we are treating picketing and hand-billing the same for purposes of a public, for purposes of hospital cases, but it can be overcome by the appropriate showing. And in a circumstance where the picketing is coercive rather than non-coercive, disruptive rather than non-disruptive, you will overcome the presumption. That's one way to read the opinion. Another way to read the opinion is we are treating hand-billing and non-disruptive slash non-coercive picketing the same, and there, there's a presumption, and that can be overcome, but we're not, maybe we're not telling you yet how we're going to treat coercive picketing for purposes of presumption. Which of the two is the way in which you read this? And I think at this point I have to go with your second option. I mean, the Board, these cases, one reason why we don't have a list of cases to discuss is because this just, it seems strange to me, having gotten into this, that there just aren't that many picketing cases on employer's property involving only employees. So you're saying that the Board has not yet resolved the question of whether coercive picketing, I'm just going to use that as a phrase, I don't mean it as anything particular, would fit, would be treated the same as hand-billing for purposes of presumption. That will come in another case when that's the issue in the case. I think that's correct, Your Honor. I see I've gone way over my head. Could I just ask you then, in line with the Chief Judge's questions, where the Board says, even, it says first, we do not view the availability of locations off the employer's property as an adequate alternative in cases involving Section 7 rights, citing the Eastex case. But then it goes on to say that even if we were to consider the validity of alternative means, we would find no adequate alternative means in this case. Does that affect your answer to the Chief Judge at all? I don't think so, Your Honor, just because under the facts of this case, when the employees were standing quietly, not impeding ingress or egress, holding two-by-three signs. So on the facts of this case, I don't think it would change my answer. Well, you went with the Chief Judge's second alternative as to the way to read the opinion. And I'm trying to understand when the Board says there's no evidence in this case that merely holding stationary picket signs near an entrance to a hospital is likely to be any more disruptive or disturbing than the distribution of literature, which the respondent did not restrict. Don't you have to go with the Chief Judge's first way to read this opinion? Well, the first option was that the Board has decided that Republic Aviation applies in all picketing cases, including presumably strikes and coercive picketing. And I'm just not sure on the facts of this case and the Board's decision that I can go that far. Well, I don't know about strikes, because there may be special situations involved with that. But just use disruptive picketing, because I don't know if there's a legally significant connotation with coercive picketing. But I thought that the way to read the decision is that the presumption applies to picketing on premises and that the way the Board accounts for the possibility of disruptive picketing is in the application of the balance that results from the presumption. Because on page 4, the Board says, We're not as suggested by the Senate in balloting all restrictions on employee on-premises hospital picketing. So that's the category of cases, employee on-premises hospital picketing. Under the longstanding holding of Republic Aviation, such restrictions are valid if the employer shows that they are necessary to maintain discipline in production. And so it seemed like the Board's view is the Republic Aviation presumption just applies. And the way that the hospital's interests get accommodated is in the application of the balance that results from the presumption, not on an antecedent question of whether the presumption applies in the first place. Yes, Your Honor. In future cases, the Board will apply this exact balance and test. But in the next case, if there are 50 people at the door, I can't tell you that the Board would then find that to be always okay or always... No, I think what would happen in that situation, presumably, is the question would be whether the employer rebuts the presumption. And what the Board itself says in this decision is that in other situations involving different types of picketing in different circumstances, it may well be that the employer can carry its burden. But it seems like the burden is on the employer whenever you have on-premises picketing to show that there's an interference with patient care. Yes, Your Honor. Absolutely. And that is the Board's decision. They have to show that there's interference with patient care or the patients themselves. So then the presumption does apply. The Board is looking at this more as a balancing test, that they are going to look at what the employees are doing and what the employer brings forth. But yes, it would apply. Thank you. If there are no further questions. Thank you. We'll take the matter under submission. Oh, I'm sorry. I'm sorry. I apologize. Matt Ginsberg on behalf of Local 21, the union. I just want to take my few minutes to address a couple of the questions that have come up. I agree with Chief Judge Garland's first explanation that it's a balancing test. So you think that picketing of all kinds come within the presumption but can be overcome if they're coercive or what? Yes, that's correct. And to sort of piggyback onto one of Judge Rogers' questions, in a circumstance where, for example, there were multiple picketers and the hospital believed that there was some interference with patient care, in a case like this, they could have come up to the picketers, which they did here. But instead of saying, we have a property right to exclude you altogether, they could have said, hey, look, don't block the doors, stand to the side, and if you don't, we're kicking you off. And we think that that's the sort of approach that could take place. Also, as we know from many of the hospital cases, this Court has decided hospitals oftentimes pass rules about where activity can be undertaken. There's no rule at issue here. An appropriately tailored rule could provide some limits to the type of activity that could take place. But, again, all that just highlights the point that the Board was correct to apply Republic Aviation and Beth Israel as the proper test. This picketing or holding picket signs in this case, I'll just point out that at Joint Appendix 329, you have a photo of the two employees standing 10 to 12 feet away from the door with their signs. It is not the sort of coercive or interfering type of picketing, but that the Board was correct to apply Republic Aviation to the holding of signs, which is a core Section 7 right, and it's appropriate to apply Republic Aviation and Beth Israel when you have employees on their own employer's property exercising those rights. So then it just becomes a matter of the employer showing, in the non-hospital setting, the interference with production or discipline, or in the hospital setting, that the lower burden of showing interference with hospital operations or patient care. If there are no further questions, we'll rest on our brief and ask that the Board's order be in court. All right, we'll take the matter under submission. Thank you both very much.
judges: Garland, Rogers, Srinivasan